Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3735(92 CR 322-3) | **DATE** | 7/10/2001 |
| **CASE TITLE** | RODRIGUEZ vs. UNITED STATES OF AMERICA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pro se defendant Carlos A. Rodriguez's petition to vacate, set aside, or correct his sentence [1-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JUL 13 2001 date docketed | | 4 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 JUL 12 PM 7:01 | 7/11/2001 date mailed notice | |
| sb courtroom deputy's initials | | Date/time received in central Clerk's Office | pg mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS A. RODRIGUEZ | ) | |
| | ) | |
| Plaintiff, | ) | No.00 C 3735 |
| | ) | (92 CR -322-3) |
| v. | ) | |
| | ) | Suzanne B. Conlon, Judge |
| UNITED STATES OF AMERICA | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Rodriguez moves *pro se* to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255.

**BACKGROUND**

In October 1992, a jury convicted Carlos A. Rodriguez ("Rodriguez") of conspiracy to possess with intent to distribute multiple kilograms of cocaine, pursuant to 21 U.S.C. §§ 841(a)(1) and 846 (Count I); attempted possession with the intent to distribute ten kilograms of cocaine, pursuant to 21 U.S.C. § 846 (Count III); using and carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count V); and possessing a firearm subsequent to a felony conviction, in violation of 18 U.S.C. § 922(g)(1) (Count VII). The court sentenced Rodriguez to concurrent sentences of 211 months in prison on Counts I, III, and VII and five years in prison on Count V. Rodriguez and his co-defendants appealed. The Seventh Circuit affirmed all defendants' convictions and sentences in 1994. *United States v. Cotts,* 14 F.3d 300 (7th Cir. 1994). Rodriguez filed his § 2255 petition on May 21, 2001.

-1-

DOCKETED JUL 1 3 2001

# DISCUSSION

## I. Statute of limitation

The government contends Rodriguez's petition is untimely. In order for petitioners to obtain § 2255 collateral relief, they must file their motion within one year from the latest of four specified events: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or the laws of the United States is removed, if movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. Rodriguez contends his petition is timely under subsection (3). He further contends the extraordinary circumstances of his case justify an equitable tolling of the statute of limitations.

### A. Recent Supreme Court ruling

Rodriguez argues he is entitled to collateral relief because the court erred with respect to the drug convictions, in light of the Supreme Court's recent ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Specifically, Rodriguez contends he was denied his *Apprendi* right to have the drug amount charged in the indictment. For purposes of this petition, the court need not address the substance of *Apprendi*. That decision was issued approximately six years after Rodriguez's conviction and sentence became final. "*Apprendi* does not state that it applies retroactively to other cases on collateral review." *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000). In order

for a new rule of law to apply retroactively, the Supreme Court must explicitly declare this intention. *Id.* at 868 (citing *Bennett v. United States,* 119 F.3d 470 (7th Cir. 1997)). Accordingly, Rodriguez may not rely on *Apprendi*.

**B. Equitable tolling**

Section 2255's tolling period is procedural rather than jurisdictional. Therefore, the period may be equitably tolled. *Montenegro v. United States,* 248 F.3d 585, 594 (7th Cir. 2001). Rodriguez contends the one-year time period for filing a § 2255 petition should be equitably tolled because he can make a showing of actual innocence. In support of his argument, Rodriguez cites *Bousley v. United States,* 523 U.S. 614 (1998). This case is inapplicable. In *Bousley,* the Court held that a petitioner who fails to challenge a guilty plea on direct appeal is procedurally barred from collateral review unless he can make a showing of actual innocence. *Id.* at 627. *Bousley* did not address equitable tolling under § 2255.

Equitable tolling "excuses a[n] [un]timely filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Montenegro,* 248 F.3d at 594 (internal citations omitted). Equitable tolling "is granted sparingly" and must be based on "extraordinary circumstances." *Id.* The Seventh Circuit has declined to rule on the extent to which equitable tolling is applicable to § 2255 petitions "given the express tolling provisions incorporated in the statute." *Id.* This determination is unnecessary for purposes of Rodriguez's petition because he clearly does not meet the standards for equitable tolling.

Rodriguez does not contend he has recently discovered factual information that calls his conviction or sentence into doubt. In addition, the cases he cites to support his actual innocence

claim were issued in 1995 and 1996. Under § 2255's limitations period, Rodriguez could have filed his petition within a year after the issuance of any retroactively applicable Supreme Court decision. Therefore, the issuance of these decisions did not constitute "extraordinary circumstances" that prevented timely filing. Rodriguez's petition is time-barred.

## II. Procedural bars

The government contends Rodriguez would not be entitled to collateral review even if the petition was timely. Rodriguez did not raise his § 2255 arguments on direct appeal. Therefore, the arguments are procedurally barred from collateral review unless Rodriguez can show: (1) "good cause" for the procedural default and "actual prejudice" from the failure to raise those claims; or (2) that failure to review the claims would result in a "fundamental miscarriage of justice." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). The "cause and prejudice" standard is more rigorous than the "plain error" standard used on direct review. *United States v. Frady*, 456 U.S. 152, 170 (1982).

### A. Counts I and III

Rodriguez cannot show cause for failing to raise his *Apprendi* arguments at trial or on appeal. The fact that *Apprendi* was not issued until last year is an insufficient justification. "The lack of precedent for a position differs from 'cause' for failing to make a legal argument. Indeed, even when the law is against a contention, a litigant must make the argument to preserve it for later consideration." *United States v. Smith*, 241 F.2d 546, 548 (7th Cir. 2001). Cause can be established when there is no reasonable legal basis for an argument. However, "the foundation of *Apprendi* was laid long before 1992." Therefore, Rodriguez's procedural default regarding the drug charges cannot be waived based on a showing of "cause and prejudice." In addition,

-4-

Rodriguez does not claim he is actually innocent of the drug charges. Denying collateral review of the drug convictions will not result in a fundamental miscarriage of justice.

**B. Count V**

Rodriguez contends he is actually innocent of Count V's charges of illegally using and carrying a firearm. To establish actual innocence, Rodriguez must show that "it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623. Rodriguez offers no evidence or basis for his assertion that he is actually innocent of Count V's charges. "Perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000).

Rodriguez further contends the jury instructions pertaining to Count V were constitutionally deficient. Specifically, he argues that the definition of "use" was incorrect and that the definition of "carry" was never submitted to the jury. The government contends Rodriguez cannot establish "cause and prejudice" for failing to object to the jury instructions during trial.

Rodriguez makes no showing as to why he failed to raise a timely objection regarding the "carry" instruction. In regard to the "use" instruction, the government does not dispute that the court's definition was incorrect in light of the subsequent holding in *Bailey v. United States*, 516 U.S. 137 (1995). However, the fact that *Bailey* was decided after Rodriguez's conviction and sentence was final provides insufficient justification for failing to object. As with *Apprendi*, there was a reasonable basis for asserting *Bailey* arguments at the time of Rodriguez's trial and appeal.

The *Bailey* court cited conflicts among the circuits on this issue arising as early as 1991. *Id.* at 142.

Not only has Rodriguez failed to show cause, he has also failed to establish prejudice. "To determine whether the claimed error was so prejudicial . . . [so as} to constitute reversible error, the submitted [jury] instructions must be viewed in light of the facts of the case and the evidence presented." *United States v. Baker*, 78 F.3d 1241, 1247 (7th Cir. 1996) (internal citations omitted). Carrying a gun is sufficient for liability under § 924(c)(1). *Id.* Therefore, the issue is whether a "properly instructed jury" would have found that Rodriguez carried a gun. *Id.* Rodriguez was in possession of a gun at the time he was conducting a drug deal with drug enforcement agents. "It is the possession of the firearm coupled with the affirmative act of transporting it during and in relation to a drug crime that precipitates liability under § 924(c)(1)." *Id.* A properly instructed jury would have concluded that Rodriguez was "carrying" a gun. Accordingly, Rodriguez cannot establish prejudice.[1]

---

[1] Because the court finds Rodriguez's conviction under 924(c) may not be overturned, his arguments regarding retroactive misjoinder are moot.

## **CONCLUSION**

Rodriguez's petition to vacate, set aside, or correct his sentence is denied.

July 10, 2001

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge